# BUNCH v. D. S. ETHERIDGE CO., Inc.—180 S. W. (2d), 225.

Eastern Section. May 26, 1943.

Petition for Certiorari denied by Supreme Court, October 5, 1943.

Harry A. Hite, of Chattanooga, for plaintiff in error.

Strang, Fletcher & Carriger, of Chattanooga, for defendant in error.

BURNETT, J.   D. S. Etheridge Company, Inc., sued Joe R. Bunch for Four Hundred ($400) Dollars claiming that amount of money was paid by the Etheridge Company because of a breach of warranty of title to an automobile traded by Bunch to the Etheridge Company.

The jury returned a verdict against Bunch for Four Hundred ($400) Dollars.   The trial judge approved the verdict.   Bunch has appealed.   His insistence is that there is no competent proof establishing a breach of warranty.   At the conclusion of the plaintiff's proof and again at the conclusion of all the proof, Bunch moved for a directed verdict because there was no proof establishing a breach of warranty.   His respective motions were overruled.

On January 10, 1941, the Etheridge Company sold Bunch a used Ford Coupe for Seven Hundred Eighty-Five ($785) Dollars.   They took a Chevrolet Coupe in on this trade at Six Hundred Eighty-Five ($685) Dollars.   The difference in trade price plus an indebtedness owed by Bunch on the Chevrolet was adjusted by Bunch's note.   A few days thereafter the Chevrolet was sold by the Etheridge Company.   On September 13, 1941,

a representative of the American Insurance Company in company with a representative of the City Detective Department made demand on the Etheridge Company for the Chevrolet or to pay the insurance company the sum of Four Hundred ($400) Dollars, the amount they were out under a theft policy they had written to cover the Chevrolet car. The Etheridge Company paid the Four Hundred ($400) Dollars to the insurance company taking a bill of sale therefor. This was done to protect the purchaser of the Chevrolet from the Etheridge Company. Bunch was asked to reimburse the Etheridge Company. He informed them he would consult his attorney as to his rights. When Bunch did not reimburse the Etheridge Company this action was begun.

The only proof offered that the Chevrolet was stolen is by the City Detective. He says he was told a Chevrolet of a certain motor number had been stolen at Sevierville, Tennessee, by a named individual. Upon investigation he found the Chevrolet sold by Bunch to the Etheridge Company to be the same car. The testimony in reference to the car being stolen was objected to and sustained. There was no effort on the part of the plaintiff to trace the chain of title to the car. They paid off the insurance company on purely hearsay evidence in so far as this record discloses.

Bunch testifies he purchased this Chevrolet from one Baxter in Cleveland, Tennessee. The car was registered in Baxter's name and there was nothing suspicious about it. Bunch borrowed money on the Chevrolet on October 24, 1940, from a finance company. This loan was paid off when the Etheridge Company traded for the car. The Etheridge Company had sold several cars to Bunch and always found him honest.

■ The Etheridge Company acted somewhat in a judicial capacity in accepting the detective's hearsay statements in making their settlement with the insurance company. They were anxious to uphold their reputation with their clients and not have the reputation of selling a stolen car. In doing this they made a hasty settlement. They may settle even without notice to the one from whom they purchased the car, but in doing so they act at their peril.

■ ■ We think at common law as well as under the Uniform Sales Act (Code, secs. 7194-7270) there was an implied warranty on Bunch's part that he had a right to sell the Chevrolet and that the Etheridge Company would enjoy quiet possession of the Chevrolet. This is admitted by Bunch. The burden of establishing a breach of this implied warranty is on the one asserting the breach.

■ "The broad general rules which govern the burden of proof and the admissibility, weight, and sufficiency of evidence in civil actions generally apply in actions based upon covenants of title. As in other actions, when the plaintiff's claim is met by a denial, he must prove by a preponderance of evidence the facts necessary to establish his cause of action. He must prove a breach of the covenant upon which he sues and the consequent damage. The covenantee in an action for breach of warranty must show that he was evicted by a person with paramount title. It is the undoubted right of the grantee to yield voluntarily to a claim of paramount title without waiting for an actual eviction; yet if the title to which he has yielded is not valid, he must abide the loss, and in a suit against his warrantor the burden of proof will be on the plaintiff to show that such title was paramount to that of the warrantor. A covenantee who insists that he has extinguished an outstanding paramount title and seeks

to recover the cost thereof must show affirmatively that the price paid was reasonable. The fact that he paid a certain sum for it is not evidence of title. The burden of proof in an action for breach of covenant of seisin is upon the defendant who alleges that he was lawfully seised of the premises.'' 14 Am. Jur., Sec. 130, pages 565 and 566.

Among the many cases we find cited as the bases for the above statement is Robinson v. Bierce, 102 Tenn., 428, 52 S. W., 992, 47 L. R. A., 275. The covenants in a deed are involved in this case. The same rule though as to the burden of proof are applicable in an alleged breach of an implied warranty in the sale of personalty.

It is indicated by this record that by taking the testimony of the Sevierville Motor Company (the party from whom the Chevrolet was stolen) the defects in this record might be cured.

In view of the facts as heretofore found and the further fact that the question of the burden of proof in the sale of personal property upon an implied warranty have never been passed on in this State, we think that substantial justice demands that this case be remanded to the Circuit Court for a new trial. See Code, section 9054, and authorities cited there.

The judgment of the Circuit Court is reversed and the cause remanded there for a new trial. All accrued costs, including the costs of appeal will be taxed against D. S. Etheridge Company, Inc.